**FILED**

JUL 2 9 2016

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Derrick Lavell Williams, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 16-0679-UNA |
| ) | |
| U.S. Department of Justice *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff, an Alabama state prisoner proceeding *pro se*, has submitted a Complaint against high-level federal officials, including President Barack Obama, United States Attorney General Loretta E. Lynch, former Vice President Dick Cheney, United States Senators Jeff Sessions and Richard Shelby of Alabama, and Senator Charles Schumer of New York. In addition, plaintiff sues Alabama Governor Robert J. Bentley and several United States Attorneys. *See* Compl. Caption. Plaintiff has accompanied the complaint with an application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed pursuant to 28 U.S.C. § 1915A (requiring dismissal of a prisoner's case upon a determination that the complaint fails to state a claim upon which relief may be granted or is frivolous).

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). In addition, "a complaint must contain sufficient factual

1

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The allegations "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," *Iqbal*, 556 U.S. at 678, and legal conclusions couched as factual allegations do not suffice to state a valid claim, *Twombly*, 550 U.S. at 555. *See Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

In the prolix complaint, plaintiff alleges that he submitted a complaint to the Department of Justice in 2011 "in regards to officers and officials of several Judiciary Branches [of] governments, violating and depriving the petitioner . . . of his guaranteed rights within the Laws, Constitution, and Treaties . . . ." Compl. at 3. According to plaintiff, the complaint was transferred to DOJ's Civil Rights Division and then to its Criminal Division. However, when plaintiff contacted DOJ in 2013, he allegedly was told that the Civil Rights Division could not locate his complaint. *Id.* Therefore, plaintiff has "strong reason to believe that [DOJ] has intentionally conspired with various infrastructures of the main office sub-division through the State[s] of Wyoming, Colorado, and Alabama New York [sic] . . . in addition to the Judiciary branches of government of lower inter-agencies within the states previously mentioned, to hinder, discourage, or stop him . . . from asserting [or] exercising" his rights or "receiving the remedies or relief [he is] afforded[.]" *Id.* at 4. Plaintiff also accuses "the agencies" of "attempted murder with others trying to take [his] life by him continuing to pursue and assert afforded rights." *Id.* Plaintiff seeks equitable relief seemingly in the form of an investigation,

criminal prosecutions, and impeachment proceedings. *See id.* at 21-23. In addition, he seeks "monetary compensation" for alleged willful deprivations of his "guaranteed federal and state protective rights [and] an unlawful . . . conviction by means of violations of laws, obstruction of justice, without jurisdiction . . . ." *Id.* at 19.

The largely incoherent allegations spanning nineteen pages simply fail to state a plausible claim for relief against anyone, let alone the named defendants. Moreover, to the extent that plaintiff is seeking to compel DOJ to investigate the Civil Rights Division for allegedly losing his complaint, the United States Attorney General generally has absolute discretion in deciding whether to investigate claims for possible criminal or civil prosecution and, as applicable here, such decisions are not subject to judicial review. *Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480-81 (D.C. Cir. 1995); *see Wightman-Cervantes v. Mueller*, 750 F. Supp. 2d 76, 80 (D.D.C. 2010) ("[A]n agency's decision whether to prosecute, investigate, or enforce has been recognized as purely discretionary and not subject to judicial review.") (citing *Block v. SEC*, 50 F.3d 1078, 1081-82 (D.C. Cir. 1995) (other citation omitted)).

The complaint implicating various high-level federal officials and Alabama's governor in a vast conspiracy "lacks an arguable basis either in law or in fact" and thus merits dismissal under § 1915A also as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994) (a court may dismiss as frivolous "essentially fictitious" claims suggesting, *e.g.*, "bizarre conspiracy theories") (citations and internal quotation marks omitted); *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981) ("A court may dismiss as frivolous complaints . . . postulating events and circumstances of a wholly fanciful kind.").

Hence, this case will be dismissed with prejudice. A separate Order accompanies this Memorandum Opinion.

_____
United States District Judge

Date: July 26, 2016